The evidence in this case is not even, at its strongest, conclusive of defendants' guilt. Those are the words of Chief Justice Cameron, Chief Justice at the time of the Arizona Supreme Court, in his dissenting opinion. The government hangs its hat on invited error, and because we don't have before the District Trial transcript as part of the record, but for that portion quoted in the Supreme Court's opinion, the Arizona Supreme Court, I urge the Court, again, to grant the motion to expand the record and expand the COA, Certificate of Appealability, but in any event, I want to urge that there is not invited error in this case. And how do we know that? If we turn to the colloquy, at the trial, we have a question by the defense counsel. Question, did he, he meaning the defendant, say anything else other than, quote, oh my God, end quote, end quote, why would I do a thing like that, end quote, after you told him the woman had been murdered? The answer, yes. Question, and what did he tell you? Answer. And the answer is in three parts. He gives three parts. Answer, he wanted to speak with his family, number one, and he wanted, he thought he wanted an attorney, number two, and three, that he understood what I had read to him, meaning Miranda. Your Honor, I suggest that, not just suggest, I urge that this open-ended question is not invited error in the context of this case. In this case, the defense moved to suppress any comment by the government as to post-Miranda claim of counsel. That motion was granted and an order in limine given. The prosecutor had the duty to admonish his witness, the key witness in the case, the investigator, to admonish him not to say anything about post-Miranda claim of counsel. Well, how would you suggest he truthfully answer the question? I mean, the prosecutor didn't ask the question. Defense counsel did. So how is the witness supposed to answer truthfully? I think he should answer one and three and turn to the court for guidance. And the prosecutor, even after the answer is given, the prosecutor has a duty given that's in violation of the court's order and in violation, presumably, of an admonition if the prosecutor in fact admonished. We don't know whether he admonished the witness, but if he, in fact, admonished the witness, it would be a violation. I urge that the prosecutor had every duty, just as much as the defense counsel, to bring to the court's attention, as an officer of the court, we have a violation of a court order. This could have been at least a situation with a curative instruction and a motion to strike. The court's response, he could have stricken the answer. Yes, it was not a – the defense counsel could have asked leading questions, obviously. He did not. He asked an open-ended question. But what I urge is why is that the prosecutor's fault, though? What's the prosecutor – indeed, if the prosecutor jumps up and says, oh, my God, he said that he asked for counsel, he shouldn't have said that. Judge, we've got to do something about this. Then the defense would be screaming about the bright light shining on that answer, which otherwise might not be that significant. Your Honor, it's the prosecutor's fault because the order was against the prosecution. He knows, and the witness knows, or presumably should know from an admonition, that it's a violation of the court's order to so state what he stated. The witness, with an open-ended question, could have answered one in three and turned to the court for guidance. Or perhaps the defense counsel shouldn't have asked an open-ended question that invited a response in violation of the court's order. And that's the invited error doctrine, the reason it comes up here. He asked the question. And a truthful answer to the question causes a violation of the court order. So isn't that invited error? No, Your Honor, it's not. Because – See, you're not saying the witness's answer wasn't truthful. You're saying it transgressed the court order. But that's a different problem. The defense counsel was perfectly capable of asking a question that wouldn't have required an answer to be truthful to violate a court order. But the answer is truthful within the context of the order if the witness, admonished as he should be by the prosecutor, turns to the court for guidance, or the prosecutor then stands, or the witness can say, I cannot answer that question because of the court's order. Now we have a sidebar and we get it resolved. I'm not sure why the witness is supposed to keep track of the court's order more than the defense counsel is. The witness's primary job is to answer the questions, not to serve as a referee. Defense counsel obtained this order. Defense counsel should ask questions compliant with it. The order is against the prosecution. It's the duty of the prosecutor to make sure his witnesses stay in line with that order. I don't – do you have any authority for that proposition? It's far broader than anything I've ever heard. I think it's – frankly, I think it's common sense. I'll be happy to do a supplemental brief. I think common sense is for a defense counsel that obtains a motion in limine to ask questions that don't require a witness to decide for himself whether he's complying with a motion in limine. I certainly can't disagree with that, but if we had prosecutors who willy-nilly with a cavalier attitude just accept the court's order, don't say anything to the witnesses, we'd have – how many mistrials would we have then? Obviously, the prosecutor has a duty when the court orders him to keep evidence out, the prosecutor has the duty to admonish him. You comply with the order. It is not the prosecutor's duty to teach every witness that the defense counsel may ask a stupid question, but you comply with the court order. It's the defense counsel's job to ask questions that don't require a witness to violate the order. I think that's a more likely reading of the law. Well, counsel, assuming for the moment that the witness should not have made that passing reference, if I understand it, nobody actually underscored that at any point in the trial. The defense counsel very carefully didn't get up and say, oops, I want a motion to strike because he didn't want an underscoring. So we have one little phrase in this whole trial, this one passing reference. Why would we now decide that this is so egregious under Breck that we must issue a motion to strike? Well, we look at the totality of circumstances and let's look at the hung jury the first time around. This was a close case. Sometimes hung juries are close cases and sometimes they aren't close cases. They are hung juries. Come on. You know that, counsel. It's a nice argument and we put it in our opinion sometimes, but we know that's kind of silly. You can have one screwball juror and you've got a hung jury. It might be a dead bang liability case and this juror says, oh, well, poor guy, I hate to see him get sent to jail. We can't figure it. We can't decide. Hung juries are equivalent to close cases. Come on. Give me a better one. Give me something better. I come back to my safe harbor, Your Honor, and that's the Supreme Court Justice of the Arizona Supreme Court who had the record, unlike us, unlike this Court and unlike me, doesn't have the record before it and the district court does not have the full trial transcript before it for consideration. That's one of the reasons I moved to expand the record. Now we're going to rely on the dissent to demonstrate that this isn't, right? That's what we're talking about? Right. He's reviewed the entire record. He says the... So we've got a hung jury and we've got a dissent and on that basis we're supposed to find that this was such an egregious error that it meets the Brecht standard in a wretched issue, correct? Well... I mean, that's what we got, right? The Court has defined, the word's not egregious, but it's close to that, had a substantial and injurious effect or influence on the verdict. That's the Brecht standard. Yes, that's what I asked for and the Court can obviously see my dilemma here and why I raised ineffective assistance to counsel and moved to expand the certificate of appealability. If the Court's going to hang its hat on invited error, we lose. Did you want to save some time for rebuttal? Yes, I'd like to leave a minute and three seconds for rebuttal.  Thank you. May it please the Court, I am Randall Howe, Assistant Attorney General representing the respondent in this matter. The District Court properly denied the habeas on this issue because the issue is not cognizable in the habeas proceeding. What happened in this case is that the defense attorney invited the response that he got under Arizona state law when the defense attorney does that, that waives the issue as a matter of state law. That's what the Arizona Supreme Court found on appeal and this Court must give deference to that finding. Even if this were a matter of federal constitutional law as is explained in the brief, there is no doyle error here because the statement about asking for counsel was brought out by the defense attorney, not by the prosecution. The harm in the doyle error is that the police tell the defendant that he can exercise his rights, he does so, and then the state uses that against him. As Judge Fernandez noted, once that statement was made, there was no further reference to it by the prosecution or the defense. One last thing. Counsel makes quite a point that the prosecutor had the duty to admonish his witness to not give the information that was the subject of the motion in limine. What we have to remember here is that the reason that evidence is not admissible is because of doyle and that the state can't bring it out. There's nothing that says that if the defense for his own purposes wants to bring it out, that he can't and that certainly would not have violated the court's order. My final point is even if this were error, which it clearly is not, there is no way that this isolated statement could underbreak, constitute a substantial, and it couldn't have a substantial injurious effect on the verdict. If the court has no further questions. Thank you very much. Thank you. Thank you. Your Honor, back to the question of what is it about this case, what are the facts in this case that should lead to meeting the test of substantial and injurious effect or influence on the verdict? One of the factors is whether or not the defendant testifies. Here he testified in his trial. That's a factor because if we have evidence of claim to the attorney post Miranda, then impliedly a defendant has made up his story with the help of his counsel. That's what the cases say when they look at the factors. So I was just following up in response to the question of the court concerning those factors. I come back to, frankly, the paradox that I face in this case, and the paradox is if the court is to find invited error, and it appears that the court is leaning, more than leaning in that direction, then we come right back to who caused that error. It was counsel who caused that error. And we come right back to ineffective assistance of counsel. By the court holding invited error, the court, in effect, says, we have an attorney who was ineffective here. And that comes back, again, to my motion to expand the record, my motion to expand certificate of appealability. Thank you. Thank you, Your Honor. The matter will be deemed submitted. The next case on the calendar for Goley v. Hubbard is submitted on the briefs without argument. The next case, Mitchum v. Stewart, is also submitted on the briefs without argument. And the next case for oral argument is United States v. Howard.
judges: Fernandez, Paez, Clifton